1
2
3
4
5
6
7
8
9
10
11
12

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

13  MICHAEL FREDRIC MORA,                    CV F  05 731 OWW SMS P

14              Plaintiff,

15       v.                                  ORDER DISMISSING COMPLAINT WITH
                                             LEAVE TO AMEND (Doc.  )
16                                           ORDER DIRECTING CLERK OF COURT TO
    WOODFORD, et. al.,                       SEND PLAINTIFF BLANK CIVIL RIGHTS
17                                           FORM
                Defendants.
18  _____/

19

20       Michael Fredric Mora ("Plaintiff") is a state prisoner proceeding pro se and in forma

21  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action

    on June 6, 2005, naming Jeanne Woodford, Director of Corrections, Warden W. J. Sullivan, L. L.
22
    Schulties, Harold Tate, Appeals Coordinator, Susan Whitlach and MTA C. Griffin as
23
    Defendants.
24
    **A.  SCREENING STANDARD**
25
         The court is required to screen complaints brought by  prisoners seeking relief against a
26
    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
27
    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
28

1

1  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

2  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

3  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

5  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

6        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

7  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

8  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

9  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

10  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  **B.  SUMMARY OF COMPLAINT**

16        Plaintiff states that on September 13, 2004, he was told by two officers not named as

17  Defendants to clean up blood from another inmate in the Gym without protective gloves.

18  Plaintiff was thus exposed to the inmate's blood and was sent to the Unit 2 medical clinic.

19  There, Plaintiff was informed by MTA Griffin that there was nothing to worry about, he was in

20  any danger and that he should return to the gym.  On September 17, 2004, Plaintiff submitted a

21  602 inmate appeal for the failure to follow CDC guidelines for blood exposure.  Plaintiff was

22  told to sign up for sick call the next day.  Plaintiff was then counseled regarding the blood

23  exposure and his statement was taken.  Plaintiff states that he was seen by Dr. Hirsch regarding

24  his allegations and his appeal was granted.  Plaintiff states further that his blood panel came back

25  HIV negative but Hep-C positive and he began Hepatitis vaccines in September 2004.  Plaintiff

26  states that his 14th amendment right to due process was violated with regard to his inmate appeal.

27  Plaintiff alleges specifically that Defendant Woodford failed to ensure that Plaintiff had access to

28  a prison grievance procedure because his inmate appeals were "screened out."  (Compl. at 6.)

2

1    Plaintiff also alleges that Defendant Woodford has a personal policy of not requiring

2    subordinates to provide adequate medical treatment.

3    **C. CLAIMS FOR RELIEF**

4        *1. Linkage Requirement*

5        The Civil Rights Act under which this action was filed provides:

6            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
7            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
8            law, suit in equity, or other proper proceeding for redress.

9    42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between

10   the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

11   Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

12   (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

13   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

14   in another's affirmative acts or omits to perform an act which he is legally required to do that

15   causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

16   Cir. 1978).  In order to state a claim for relief under section 1983, the plaintiff must link each

17   named defendant with some affirmative act or omission that demonstrates a violation of

18   plaintiff's federal rights.

19       In this case, as is detailed below, Plaintiff fails to link many of the named Defendants to

20   an act or omission giving rise to a constitutional violation and therefore fails to state a claim for

21   relief under Section 1983.

22       *2. Inmate Appeals Process*

23       Plaintiff alleges that his right to due process was violated because Defendant Woodford

24   did not ensure that Plaintiff had access to the inmate appeals process because his appeals were

25   "screened out."

26       There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held

27   that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

28   procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855

3

1   F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly

2   implement, an administrative appeals process within the prison system does not raise

3   constitutional concerns. <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.1988). <u>See also</u>, <u>Buckley</u>

4   <u>v. Barlow</u>, 997 F.2d 494, 495 (8th Cir.1993); <u>Flick v. Alba</u>, 932 F.2d 728 (8th Cir.1991); <u>Azeez</u>

5   <u>v. DeRobertis</u>, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

6   right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

7   to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

8   amendment").  A failure to process a grievance does not state a constitutional violation. <u>Buckley</u>,

9   <u>supra</u>.  State regulations give rise to a liberty interest protected by the Due Process Clause of the

10  federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

11  atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

12  life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

13          As there is no right to an inmate appeals process, Plaintiff's allegations against the

14  Defendants fail to state a claim for relief.

15          ***3. Eighth Amendment - Medical Care***

16          A prisoner's claim of inadequate medical care does not constitute cruel and unusual

17  punishment unless the mistreatment rises to the level of "deliberate indifference to serious

18  medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).  The "deliberate indifference"

19  standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in

20  objective terms, "sufficiently serious." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994) (citing

21  <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a

22  "sufficiently culpable state of mind," which entails more than mere negligence, but less than

23  conduct undertaken for the very purpose of causing harm. <u>Farmer v. Brennan</u>, 511 U.S. at 837.

24  A prison official does not act in a deliberately indifferent manner unless the official "knows of

25  and disregards an excessive risk to inmate health or safety." <u>Id</u>.

26          Here, although Plaintiff may have a claim for relief under the Eighth Amendment, he

27  does not state sufficient facts or link any of the named Defendant to an act or omission giving

28  rise to such a violation.  Accordingly, Plaintiff does not allege a cognizable claim for relief under

1   the Eighth Amendment.

2       ***4. Supervisory Liability***

3       Supervisory personnel are generally not liable under Section 1983 for the actions of their

4   employees under a theory of respondeat superior and, therefore, when a named defendant holds a

5   supervisorial position, the causal link between him and the claimed constitutional violation must

6   be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

7   Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  To state a claim

8   for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege

9   some facts that would support a claim that supervisory Defendants either: personally participated

10  in the alleged deprivation of constitutional rights; knew of the violations and failed to act to

11  prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a

12  repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"

13  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (*internal citations omitted*); Taylor v. List,

14  880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts

15  must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County

16  Narcotics Unit, 507 U.S. 163, 168 (1993).

17      Plaintiff has not alleged any facts indicating that any of the named Defendants personally

18  participated in the alleged deprivation of constitutional rights; knew of the violations and failed

19  to act to prevent them; or promulgated or "implemented a policy so deficient that the policy

20  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional

21  violation.'"  Hansen v. Black at 646.

22      ***5. Exhibits and Evidence***

23      Plaintiff is informed that it is inappropriate to attach exhibits to a complaint.  See Rule 8,

24  Federal Rules of Civil Procedure.  The Court cannot serve as a repository for the parties'

25  evidence.  Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.)

26  should not be submitted until the course of litigation brings the evidence into question (for

27  example, on a motion for summary judgment, at trial, or when requested by the court).

28  **D. CONCLUSION**

1   The Court finds that Plaintiff's complaint does not contain any claims upon which relief

2   can be granted under § 1983 against any of the Defendants.  The Court will provide Plaintiff with

3   time to file an Amended Complaint curing the deficiencies identified above should he wish to do

4   so.

5   Plaintiff must demonstrate in the Amended Complaint how the conditions complained of

6   resulted in a deprivation of his constitutional rights.  See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

7   1980).  The Amended Complaint must specifically state how each Defendant is involved.

8   Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

9   connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423,

10  U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.  1980); Johnson v. Duffy, 588

11  F.2d 740, 743 (9th Cir.  1978).

12  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint

13  be complete in itself without reference to any prior pleading.  As a general rule, an Amended

14  Complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

15  1967).  Once an Amended Complaint is filed, the original Complaint no longer serves any

16  function in the case.  Therefore, in an Amended Complaint, as in an original Complaint, each

17  claim and the involvement of each defendant must be sufficiently alleged.  The Amended

18  Complaint should be clearly and boldly titled "AMENDED COMPLAINT," reference the

19  appropriate case number, and be an original signed under penalty of perjury.

20  **E.  ORDER**

21  The Court HEREBY ORDERS:

22  1.      The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights

23          complaint form;

24  2.      The Complaint is DISMISSED with leave to amend.  WITHIN THIRTY (30) days

25          from the date of service of this order, Plaintiff SHALL:

26          a.      File an Amended Complaint curing the deficiencies identified by the Court

27                  in this Order, or

28          b.      Notify the Court in writing that he does not wish to file an Amended

Complaint and pursue the action but instead wishes to voluntary dismiss the case. <u>See</u>, Fed.R.Civ.P. 41(a)(1).

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:    November 1, 2006**                              **/s/ Sandra M. Snyder**
icido3                                                      UNITED STATES MAGISTRATE JUDGE