1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL FREDERIC MORA, | / | 1:05-cv-00731-LJO-SMS (PC) |
| Plaintiff, | / | |
| v. | / | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| WOODFORD, et al., | / | (Doc. 13) |
| Defendant. | / | |

17 **I.    SCREENING ORDER**

18        Michael Frederic Mora ("Plaintiff") is a state prisoner proceeding pro se and in forma

19 pauperis.  On June 6, 2005, Plaintiff filed his original complaint, which was dismissed with leave

20 to amend.  Plaintiff subsequently filed his first amended complaint on December 1, 2006 – which

21 is presently before the Court for screening.

22        **A.    Screening Requirement**

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26 legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27 that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28 § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

1  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

2  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

3  1915(e)(2)(B)(ii).

4       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

5  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

6  support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding,

7  467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.

8  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

9  complaint under this standard, the court must accept as true the allegations of the complaint in

10  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

11  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

12  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13       **B.**  **Summary of Plaintiff's Complaint**

14       Plaintiff is a state prisoner at California Correctional Institution in Tehachapi, California

15  – where the acts he complains of occurred.  Plaintiff names "Woodford" as the only defendant in

16  this action.

17       Plaintiff alleges that: on September 13, 2004, he was assigned as the porter in the Unit #2

18  gym; another inmate sustained a cut, and caused a pooling of blood in various locations; officers

19  Dunne and Miller ordered Plaintiff to clean up the blood without protective clothing and/or

20  gloves; Plaintiff accidentally placed his unprotected hand in a pool of the blood; officers Dunne

21  and Miller sent Plaintiff to the medical clinic where MTA Griffin (who was still caring for the

22  bleeding inmate, and had been notified that Plaintiff was on his way) sent Plaintiff back to his

23  housing unit without exam and/or treatment; on September 17, 2004, Plaintiff felt ill and was

24  seen by MTA Gage who had Plaintiff fill out a request form to see a doctor; Plaintiff was seen on

25  September 21, 2004 by Infectious Control Disease RN, Joan Boatman who drew a blood sample

26  and initiated a series of Hepatitis vaccines; the next day, Plaintiff's blood results were negative

27  for HIV, and positive for Hepatitis C; on November 3, 2004, a subsequent blood draw came back

28  negative for Hepatitis C; and Plaintiff filed inmate appeals regarding the incident and subsequent

1    medical care which were variously denied, and granted.

2         Plaintiff does not state what, if any damages/relief, he seeks.

3         Plaintiff fails to state which of his constitutional rights he feels were violated.  Rather, he

4    presents his first amended complaint as a chronological rendition of events.  The Court provides

5    Plaintiff with the following law that might apply based on his factual allegations.  However, it is

6    Plaintiff's duty to specify his claims for relief and their factual basis.  The Court will not guess as

7    to which facts Plaintiff believes support his unspecified constitutional violations.

8         Further, it appears to the Court that, rather than stating his allegations in a full and

9    complete amended complaint, Plaintiff merely states factual allegations, attempting to

10   correct/perfect the defects in his claims as identified in this Court's prior screening order.  The

11   Court provides Plaintiff with the following law that appears to apply to his generalized claims.

12   Plaintiff was previously advised, and is hereby reminded that Local Rule 15-220 requires that an

13   amended complaint be complete in itself without reference to any prior pleading.  As a general

14   rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,

15   57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer

16   serves any function in the case.  The Court hereby gives Plaintiff one final opportunity to cure the

17   defects in his pleadings.  If Plaintiff chooses to file a second amended complaint, he must name

18   all defendants he intends to pursue, clearly state the factual allegations upon which he asserts

19   liability of each defendant, and delineate the damages/relief he seeks.

20        **C.    <u>Pleading Requirements</u>**

21             **1.  *Federal Rule of Civil Procedure 8(a)***

22        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

23   exceptions," none of which applies to section 1983 actions.  <u>Swierkiewicz v. Sorema N. A.</u>, 534

24   U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

25   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

26   Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

27   plaintiff's claim is and the grounds upon which it rests."  <u>Swierkiewicz</u>, 534 U.S. at 512.  A court

28   may dismiss a complaint only if it is clear that no relief could be granted under any set of facts

                                                    3

that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### 2. *Federal Rule of Civil Procedure 18(a)*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that if he chooses to file an amended complaint, and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

### 3. *Linkage Requirement*

4

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The only defendant Plaintiff names in his first amended complaint is "Woodford." However, Plaintiff fails to link Woodford to any affirmative act(s) or omission(s) that violated his constitutional rights.  Further, in his "Statement of Facts," Plaintiff states the names of several prison personnel whom are not named as defendants in the caption, or in any designation of parties/defendants.  If he chooses to file a second amended complaint, Plaintiff must list all persons whom he chooses to pursue as defendants in the caption and under a section for identification of the parties.

### D.  Claims for Relief

#### 1. *Deliberate Indifference to Serious Medical Needs*

Plaintiff alleges that MTA Griffin (who was still caring for the bleeding inmate, and had been notified that Plaintiff was on his way) sent Plaintiff back to his housing unit without exam and/or treatment and that he subsequently tested with mixed results for Hepatitis C, and was negative for HIV.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the

5

prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. at 106. Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

If a prisoner establishes the existence of a serious medical need, he or she must then show that prison officials responded to the serious medical need with deliberate indifference. Farmer, 511 U.S. at 834. In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or it may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir.1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Farmer, 511 U.S. at 835 (*quoting* Whitley, 475 U.S. at 319).

Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. See McGuckin v. Smith 974 F.2d 1050, 1060; Shapely v. Nevada Bd of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam).

6

1    The Court recognizes that Plaintiff's possible exposure to HIV and Hepatitis C is a

2    serious medical need.  MTA Griffin was deliberately indifferent to Plaintiff's serious medical

3    need in as much as he was still caring for the bleeding inmate, and had been notified that Plaintiff

4    was on his way, when he sent Plaintiff back to his housing unit without exam and/or treatment.

5    However, it is unclear both: (1) whether Plaintiff actually contracted any communicable disease

6    by his exposure to another inmate's blood; and/or (2) what, if any further injury Plaintiff

7    sustained as a result of MTA Griffin turning him away without exam and/or treatment.

8        Plaintiff's claim for deliberate indifference to his serious medical need is not cognizable

9    since any delay in Plaintiff's medical care, allegedly caused by MTA Griffin, does not appear to

10   have led to further injury.

11                    **2.   *Inmate Appeals Process***

12       Plaintiff alleges that his inmate appeals regarding his medical care subsequent to

13   exposure to another inmate's blood were variously denied and granted.

14       There is no constitutional right to an inmate appeals process.  The Ninth Circuit has held

15   that Prisoners do not have a "separate constitutional entitlement to a specific prison grievance

16   procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003), *citing* Mann v. Adams, 855

17   F.2d 639, 640 (9th Cir.1988).  The non-existence of, or the failure of prison officials to properly

18   implement, an administrative appeals process within the prison system does not raise

19   constitutional concerns.  Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  See also,  Buckley

20   v. Barlow, 997 F.2d 494, 495 (8th Cir.1993); Flick v. Alba, 932 F.2d 728 (8th Cir.1991); Azeez

21   v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill.1982) ("[A prison] grievance procedure is a procedural

22   right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise

23   to a protected liberty interest requiring the procedural protections envisioned by the fourteenth

24   amendment").  A failure to process a grievance does not state a constitutional violation.  Buckley,

25   supra.  State regulations give rise to a liberty interest protected by the Due Process Clause of the

26   federal constitution only if those regulations pertain to "freedom from restraint" that "imposes

27   atypical and significant hardship on the inmate in relation to the ordinary incidents of prison

28   life."  Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995).

1    As there is no right to an inmate appeals process, Plaintiff fails and is unable to state a

2    cognizable claim for relief against any possible defendants.

3  **II.   CONCLUSION**

4    For the reasons set forth above, Plaintiff's first amended complaint is dismissed, with

5    leave to file a second amended complaint within thirty days.  If Plaintiff needs an extension of

6    time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later

7    than thirty days from the date of service of this order.

8    Plaintiff must demonstrate in his second amended complaint how the conditions

9    complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v.

10   Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each

11   named defendant is involved.  There can be no liability under section 1983 unless there is some

12   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo

13   v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

14   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15   Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to

16   relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as

17   independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has

18   against an opposing party.'  Thus, multiple claims against a single party are fine, but Claim A

19   against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated

20   claims against different defendants belong in different suits, not only to prevent the sort of

21   morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners

22   pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of

23   frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28

24   U.S.C. § 1915(g)."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

25   Plaintiff is advised that the Court cannot serve as a repository for the parties' evidence.

26   Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should

27   not be submitted until the course of litigation brings the evidence into question (for example, on

28   a motion for summary judgment, at trial, or when requested by the court).  At this point, the

1   submission of evidence is premature as Plaintiff is only required to state a prima facie claim for

2   relief.  Thus, in amending his complaint, Plaintiff should simply state the facts upon which he

3   alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

4          Finally, Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

5   complete in itself without reference to any prior pleading.  As a general rule, an amended

6   complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

7   Once Plaintiff files a second amended complaint, the prior pleadings no longer serve any

8   function in the case. ***Therefore, in a second amended complaint, as in an original complaint,***

9   ***each defendant must be named and/or identified, and each claim, sufficiently stating the***

10  ***involvement of each defendant, must be sufficiently alleged.***

11         Based on the foregoing, it is HEREBY ORDERED that:

12  1.     Plaintiff's first amended complaint is dismissed, with leave to amend;

13  2.     The Clerk's Office shall send Plaintiff a civil rights complaint form;

14  3.     Within **thirty (30) days** from the date of service of this order, Plaintiff must file a

15         second amended complaint curing the deficiencies identified by the Court in this

16         order; and

17  4.     If Plaintiff fails to comply with this order, this action will be dismissed for failure

18         to obey a court order and for failure to state a claim.

19

20

21  IT IS SO ORDERED.

22  **Dated:    September 16, 2008            /s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28